IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Lawrence R. Schmidt; and<br>LR Schmidt Associates,<br><br>     Plaintiffs,<br><br>  v.<br><br>JPS Industries, Inc.;<br>and JPS Elastometrics Corp.,<br><br>     Defendants. | C/A No. 6:11–1046-TMC<br><br>**OPINION & ORDER** |

  Plaintiffs Lawrence R. Schmidt and LR Schmidt Associates filed the Complaint in this action asserting four claims: 1) breach of contract; 2) action on account; 3) quantum meruit; and 4) expenses of litigation. Pursuant Rule 12(b)(6), Fed. R. Civ. P., Defendants JPS Industries Incorporated and JPS Elastrometrics Corporation (collectively referred to as "JPS") filed a Motion to Dismiss two of Plaintiffs' claims: breach of contract and expenses of litigation on the ground that Plaintiffs have failed to state a claim upon which relief can be granted.

**STANDARD FOR A MOTION TO DISMISS PURSUANT TO RULE 12(b) (6)**

  When considering a 12(b)(6) motion to dismiss, the court must accept as true the facts alleged in the complaint and view them in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir.1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, —— U.S. ——, ——, 129 S.Ct. 1937, 1949 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although "a complaint attacked by a Rule

12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U .S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.' " *Iqbal*, 129 S.Ct. at 1949 (*quoting Twombly*, 550 U.S. at 557).

## DISCUSSION

In 2007, Specialized Technology Resources, Inc., sued JPS Elastometrics and James P. Galica, a JPS employee, in a Massachusetts state court alleging, inter alia, misappropriation of trade secrets (the "Trade Secrets Litigation"). (Compl. ¶ 7.)  The law firm Jones Day represented JPS in the Trade Secrets Litigation. *Id*. at ¶ 8.  Jones Day retained Plaintiffs Lawrence Schmidt and LR Schmidt Associates to serve as an expert witness in the Trade Secrets Litigation pursuant to a written retainer and confidentiality agreement.  *Id*. at ¶¶ 11-12.  Plaintiffs submitted invoices to Jones Day for their services, and Jones Day forwarded those invoices to JPS.  *Id*. at ¶¶ 23-26.  JPS made partial payments to Plaintiffs, but did not pay Plaintiffs for the full amount of the invoices. (Compl. ¶¶ 26-34).

Plaintiffs brought this action seeking complete payment of their invoices and assert claims for (1) breach of contract, (2) action on account, (3) quantum meruit, and (4) expenses of litigation. (Compl.)   Defendants JPS move to dismiss Plaintiffs' claims for breach of contract and expenses of litigation because they contend that, in regard to these two claims, Plaintiffs have failed to state claims upon which relief can be granted.

**Breach of Contract Claim**

Defendants contend they were not parties to the retainer agreement and therefore the breach of contract claim should be dismissed.  Plaintiffs contend that they can bring a breach of contract claim against Defendants JPS because Jones Day acted as JPS' agent.

The Retainer Agreement states that it is "by and between JONES DAY, as party of the

first part, and LAWRENCE R. SCHMIDT ('SCHMIDT') and LR SCHMIDT ASSOCIATES ('ASSOCIATES'), as parties of the second part, and for the express benefit of JPS INDUSTRIES, INC. and JPS ELASTOMERICS CORP. (collectively, 'JPS')." (Compl. Attach. # 1 at 2). Further, the retainer states "JONES DAY retains SCHMIDT and ASSOCIATES to consult on behalf of the defendants in the [Trade Secrets Litigation] . . ." *Id.* It also states that "There are no intended third party beneficiaries of this Agreement other than JPS." *Id*. at 4.

In addition to the above, in the Complaint Plaintiffs allege Defendants JPS retained them through their agent, Jones Day. (Compl. ¶ 9.) Accepting as true this fact which is alleged in the Complaint and viewing it in a light most favorable to Plaintiffs, as the court is required to do when ruling on a motion to dismiss, *Ostrzenski*, 177 F.3d at 251, the court finds Plaintiffs have sufficiently stated a claim for breach of contract. Accordingly, Plaintiffs' breach of contract claim will not be dismissed.

**Expenses of Litigation Claim**

In Count Four of the Complaint, Plaintiffs set forth a claim for expenses of litigation. (Compl. ¶¶ 50-52.) Plaintiffs state Georgia law controls and they are seeking litigation expenses pursuant to Ga. Code Ann. § 13-6-11.[1] (*Id*.; Pls.' Mem;. Opp. Mot. to Dismiss at 2.) Defendants contend that South Carolina law controls and Plaintiffs' claim for expenses of litigation should be dismissed because there is no such right of action under South Carolina law. (Defs.' Mem. Supp. Mot. at 4.) Additionally, Defendants contend that even if Georgia law controls, there is no independent cause of action under Georgia law. (Defs.' Reply Mem. at 3).

---

[1]Section 13-6-11 provides:

> The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them.

As noted above, there appears to be a question of fact as to whether an agency relationship existed between Day and JPS. However, even if an agency relationship is ultimately proven, and Defendants are bound by the Retainer Agreement and its choice of law provision, there is no separate cause of action for litigation expenses under Ga. Code Ann. § 13-6-11. *In re Estate of Willis*, 713 S.E.2d 464 (Ga. App. 2011)(citing *Waters v. Glynn County,* 514 S.E.2d 680, 683 (Ga. App. 1999))(holding that it is well-settled that § 13–6–11 "does not state a cause of action but merely establishes the circumstances in which a plaintiff may recover the expenses of litigation as an additional element of his damages."). Accordingly, Plaintiffs' separate cause of action for expenses of litigation claim is dismissed. The court, however, expresses no opinion as to whether Plaintiffs may ultimately be awarded the expenses of litigation as damages.

Based on the foregoing, Defendants' Motion to Dismiss  (Dkt. # 12) is **GRANTED** in part and **DENIED** in part. Only the Plaintiff's claim for expenses of litigation is dismissed.

IT IS SO ORDERED.

s/Timothy M. Cain  
United States District Judge

Greenville, South Carolina  
November 2, 2011